ANNIE FINKELSTEIN, Respondent, v. WILLIAM M. BAR-
RETT, as President of THE ADAMS EXPRESS COMPANY,
Appellant.

(County Court, Sullivan County, August, 1916.)

Contracts — action upon implied contract — carriers — pleading — neg-
ligence — Code Civ. Pro. § 2936 — parties.

An action upon a carrier's implied contract to transport
goods delivered to it for shipment and deliver them at their
destination in the usual course and without injury or delay
through its fault or negligence is not " an action arising on
contract for the recovery of money only " within the meaning
of section 2936 of the Code of Civil Procedure.

Under an allegation of the complaint that defendant had
failed and refused to deliver the goods as agreed, and on in-
formation and belief that they were lost through the negligence
of plaintiff, a demand for relief in damages under or by virtue
of any contract between the parties cannot be claimed.

APPEAL from a judgment of Justice's Court for
sixty-one dollars and twenty-five cents damages and
costs.

Nellie Childs Smith, for appellant.

Joseph I. Stahl, for respondent.

SMITH, J.   The judgment was rendered upon plain-
tiff's verified complaint, the defendant having failed
to appear.   The only question to be determined upon
this appeal is whether or not the cause of action set
forth in the complaint was one which authorized the
justice to render the judgment appealed from without
proof under section 2891 of the Code of Civil Proced-
ure.   This section provides that, in an action which has

been commenced by the service of a summons and verified complaint, as provided by section 2936, in case the defendant fails to answer the complaint at the time of the return of the summons as provided by section 2938, he shall be deemed to have admitted the allegations as true. Section 2936 provides for the service of a verified complaint with the summons: '' In an action arising on contract for the recovery of money only.'' Under the allegations of this complaint does it set forth a cause of action '' arising on contract for the recovery of money only? '' The allegations are:

'' *Second.* That on or about the 20th day of June, 1916, at Monticello, N. Y., the plaintiff delivered to said company in good condition one package containing twelve dozen gingham and linen children's dresses of the value of $5.00 per dozen, $60.00 in all and the said Adams Express Co. undertook to carry for hire and deliver the said package to the plaintiff, care of M. Ginsberg, 413 East 100th Street, New York City.

'' *Third.* That the said Adams Express Co., has failed and refused to deliver said goods as agreed and on information and belief the said package of goods was lost through the negligence of the said Company.''

It is not claimed that there was an express agreement between the parties. The only contract that can be spelled out of the transaction is the implied one imposed upon the carrier to transfer the goods and deliver them at their destination according to the usual course and without injury or delay through the carrier's fault or negligence. The allegation that '' the said Adams Express Company has failed and refused to deliver said goods as agreed, and on information and belief the said package of goods was lost through the negligence of the said company,'' sounds

in tort. The relief demanded was for damages. In no sense could the damages demanded be claimed to be due under or by virtue of any terms or provisions of a contract existing between the parties. The plaintiff shipped these goods by defendant company. There was no special agreement between them, and no agreement at all except such as is implied between it and all parties forwarding goods by express over its lines. The action is not different in nature from one brought where the goods had been received but in damaged condition. After careful consideration I cannot reach the conclusion that this cause of action is one contemplated by the language of section 2936 of the Code of Civil Procedure as " an action arising on contract for the recovery of money only."

The judgment must, therefore, be reversed.

*Judgment reversed, with costs.*